Opinion of the Court delivered by
IIornblower, C. J.
The state of demand filed by Johnston the plaintiff below, before the Justice, consists of an account, the first item of which, is dated the 16th February, 1825, in this form, “ on settlement two dollars and twenty-one cents.” Opposite to this charge and under date of the 24th February, 1825, are eight items of credit, for grain, provisions &c. amounting to upwards of fourteen dollars; leaving it would seem, on that day, *267 a balance of about twelve dollars, due the defendant. Thus the account appears to have stood, until the 5th of August, 1825, when the next item occurs in the plaintiff’s account; from that time down to the 28th of January, 1837, in almost every month and in every year, there are charges for work done of various kinds, for the defendant, making on that day, the debit side of the account, one hundred and fifty-three dollars and one cent. On the other hand, there are no credits given to the defendant, from the 24th February, 1825, to the 1st July, 1834; a period of nine years and four months. But from the last date down to the 19th June, 1838, are sundry credits, more or less in almost every month, and in every intervening year, making the whole credit side, amount to seventy-seven dollars and seventy-one cents, and claiming a balance of seventy-five dollars and thirty cents.
The defendant filed an account against the plaintiff, commencing the 16th January, 1834, continuing down to the 20th December, 1835, amounting to one hundred and nine dollars and sixty-three cents, and after giving the plaintiff* sundry credits to the amount of thirteen dollars and twenty-six cents, claimed a balance due him, of ninety-six dollars and thirty-seven cents.
Johnston commenced this action before a Justice, on the 8th March, 1839, and recovered a judgment for seventy-one dollars and eighty cents, with costs. From that judgment, Hibler appealed, and after trial, the court of Common Pleas, gave judgment for the plaintiff for precisely the same amount.
Whether the statute of limitations was set up as a defence before the Justice, does not appear on the record, but it was so set up on the trial of the appeal, and no objection to such a defence was there interposed, upon the ground, that it had not been pleaded or insisted upon before the justice. The court of Common Pleas, however, overruled the statute of limitations, on the ground, (as they state in their answer to a rule of this court,) that it appeared by parol evidence before them, that there had been mutual dealings between the parties, work done; payments made and produce furnished, during the whole period and as far back as the plaintiff’s account extended; and no evidence, that any settlement had ever taken place between them : thus making the want of that very evidence which the statute supplies; or *268 rather dispenses with, the ground upon which they overruled the defence and allowed the plaintiff’s account. It will be perceived at once, that if the defendant could have proved by vouchers or witnesses, that all the account of more than six years standing, had been settled and paid for, the statute would have been of no use to him: nor can it ever be of any use to any defendant, if he must prove a settlement or payment in all cases, where the plaintiff can prove, that seven, ten or twenty years ago there had been mutual dealings between the parties, or that he did work for or sold and delivered goods to the defendant. It was to dispense with the necessity of proof of settlement or payment °n all cases of accounts of more than six years standing, that true statute was passed.
This case in regard to facts, is very much like that of Belles v. Belles, 7 Halst. 339, and in principle precisely the same. The defendant’s account, was an admission of dealings between him and the plaintiff, within the last six years, and no more. It commenced in January, 1834, and could not have the effect of drawing the whole of the plaintiff’s account, as far back as February, 1825, out of the statute. Nor could the plaintiff secure such an advantage to himself, by giving to the defendant a few credits unclaimed by him, under the date of February, 1825. By the plaintiff’s own showing, on the very face of his account, there had been no mutual dealings, or current accounts between him and the defendant, for a period of more than nine years, viz: from February, 1825, to July, 1834; and the opening of a new account between them in 1834, could not revive the mutual dealings which had terminated in 1825. I am therefore of opinion, that all the items of the plaintiff’s account, anterior to the 8th of March, 1833, which was six years before the commencement of the action, ought to have been excluded, and that the judgment must be reversed.

Judgment reversed.

Cited in Nolin v. Blackwell, 2 Vr. 173.